

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-20-2008

# Li v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3689

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Li v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1412.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1412

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.  06-3689
_____

YAN GANG LI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge:  Honorable Miriam K. Mills
(No. A79-424-762)

_____

Submitted Under Third Circuit LAR 34.1(a)
February 5, 2008

Before: MCKEE and AMBRO, Circuit Judges,
and IRENAS,[*] District Judge

(Opinion filed March 20, 2008)

_____

OPINION
_____

AMBRO, Circuit Judge

_____

[*]Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey,
sitting by designation.

Yan Gang Li seeks asylum, withholding of removal, and relief under the Convention Against Torture because he alleges that, if returned to China, he will face persecution and torture on account of his parents' practice of Falun Gong.[1] For the reasons below, we deny his petition for review of an adverse ruling of the Board of Immigration Appeals ("BIA").

Li alleges more specifically that the Chinese authorities arrested his parents for practicing Falun Gong. As a result of this arrest, he claims that he fears he will meet a similar fate if returned to China. Li himself has never practiced Falun Gong. The Chinese authorities have never arrested or harmed him. At one time they did threaten to arrest him if he began to practice Falun Gong. Li does not allege, however, that he plans to do so. Moreover, the record contains no indication that the Chinese authorities punish relatives of Falun Gong followers.

The Immigration Judge ("IJ") denied Li's applications for relief for two reasons. First, she found Li not to be credible. Second, she determined that even if Li were credible, he has not shown past persecution or a well-founded fear of future persecution, nor has he shown that he would likely be tortured if returned to China. The BIA adopted and affirmed the Immigration Judge's decision, and Li petitions for review.

We deny the petition for review because, even assuming Li is credible, substantial

---

[1] He also alleges that he will be persecuted because he departed China illegally. Because he did not raise this issue before the Board of Immigration Appeals, however, we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1).

evidence supports the IJ's and the BIA's conclusions that he is not entitled to relief. First, substantial evidence supports their conclusion that Li is not eligible for asylum. Although an applicant for asylum need not show it is more likely than not that he will be persecuted, he must establish a well-founded fear, which requires a showing of past persecution or a reasonable possibility of future persecution. *Shardar v. Attorney Gen. of the U.S.*, 503 F.3d 308, 313 (3d Cir. 2007). Li has shown neither, given that he has no plans to practice Falun Gong and the record provides no indication that his mere status as a relative of a practitioner will subject him to persecution. This absence of evidence precludes not only his claim for asylum, but also his claim for withholding of removal. *See Zubeda v. Ashcroft*, 333 F.3d 463, 469–70 (3d Cir. 2003) ("[I]f an alien fails to establish the well-founded fear of persecution required for a grant of asylum, he or she will, by definition, have failed to establish the clear probability of persecution required for withholding of deportation.").

Finally, because Li has not shown a likelihood of adverse action against him by or through the acquiescence of the Chinese government, substantial evidence supports the IJ's and the BIA's conclusions that he is not entitled to relief under the Convention Against Torture. *See id.* at 471 (relief under the Convention requires showing that it is more likely than not that the alien will be tortured if removed).

Accordingly, we deny the petition for review.

3